UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHANDRAMA MISHRA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SAMUEL S. STARTTON VA MEDICAL CENTER, et al.,<br><br>　　　　　　Defendants. | CASE NO. C13-561 MJP<br><br>ORDER GRANTING MOTION TO DISMISS |

This matter comes before the Court on Defendants' motion to dismiss for lack of subject matter jurisdiction. (Dkt. No. 11.) The Court considered the motion, Plaintiff's response (Dkt. No. 16), Defendants' reply (Dkt. No. 17) and all related documents and GRANTS the motion.

**Background**

Plaintiff Chandrama Mishra filed this case asking the Court to set aside a service agreement entered into by the Parties when he became an employee of Defendants Samual S. Stratton VA Medical Center and the U.S. Department of Veterans Affairs. (Dkt. No. 3 at 2.) Mishra was hired by Defendants in April 2009 as a full time Safety & Occupational Health

ORDER GRANTING MOTION TO DISMISS- 1

Specialist with a salary of $67,612 and an incentive payment of 15% of his salary. (Dkt. No. 12-1 at 2.) As part of his employment, Plaintiff signed a "Recruitment Service Agreement" that stated, in pertinent part, "As a condition of being paid a recruitment bonus of $10,142 in connection with my appointment on a full time basis . . . I agree to complete 52 full consecutive bi-weekly pay periods of employment . . ." (Id. at 4.) The agreement also said if Mishra failed to complete the required period of employment he "may be required to repay the recruitment bonus in accordance with prescribed regulation[.]"

Plaintiff was removed from his position on August 7, 2009. (Dkt. No. 3 at 2.) The removal was during Plaintiff's probationary period. (Dkt. No. 12-1 at 6.) After Plaintiff's termination, Defendants' demanded the pro-rated incentive money, $8,581.76, be repaid. (Dkt. No. 3 at 2.) Defendants cited "unsatisfactory conduct and performance" as the reason for termination, and listed several specific examples in the termination letter. (Dkt. No. 12-1 at 6.) Plaintiff appealed his termination with the Merit Systems Protestation Board ("MSPB") in compliance with Defendants' administrative appeals process. (Id. at 11.) In the MSPB appeal, Plaintiff alleged he was terminated because of whistle blowing activities. In July 2010 an Administrative Judge denied Plaintiff's appeal, finding Plaintiff was properly terminated. (Id. at 42.) Plaintiff did not challenge the Administrative Judge's decision. (Dkt. No. 11 at 3.)

Plaintiff's complaint centers on the Recruitment Service Agreement. He argues when he joined the Defendants' organization, he was not paid the incentive right away. (Dkt. No. 3 at 2.) He alleges Defendants refused to sign the Agreement until it was modified to their benefit, and Plaintiff signed the Agreement under duress, having already moved across the country to take the position. (Id.) Based on these facts, Plaintiff asks the Court to set aside the Agreement, stop Defendants from garnishing his social security, and order Defendants to return all funds already

garnished. (Id.) Defendants move to dismiss for lack of subject matter jurisdiction, alleging the Civil Service Reform Act provides the exclusive remedy for Plaintiff's case. (Dkt. No. 11 at 8.)

**Analysis**

The Civil Service Reform Act ("CSRA") limits federal employees challenging personnel practices to an administrative remedial system. Mathesian v. Lee, 406 F.3d 1131, 1134 (9th Cir. 2005.) The CSRA offers a comprehensive remedial system, and federal courts have found the CSRA precludes suit under a variety of federal statutes. Saul v. United States, 928 F.2d 829, 942 (1991). If an action falls within the scope of the CSRA's "prohibited personnel practices" then the federal courts cannot resolve the claim outside the CSRA's remedial system. Mathesian, 406 F.3d at 1134. Under the CSRA, a prohibited personnel practice includes any appointment, promotion, disciplinary or corrective action, and/or decision concerning pay or benefits and the like made with an improper motive. 5 U.S.C. §2302 (a).

Plaintiff argues his case is in "the law of contract, bait and switch, and the Contract of Adhesion" and the CSRA does not preempt his claims. (Dkt. No. 16 at 2.) Claims based on a federal employee's employment related contracts are covered under the CSRA. Booth v. United States, 990 F.2d 617, 619 (Fed. Cir. 1993). In Booth, the Federal Circuit held where a judicial inquiry into the "voluntary nature" of the plaintiff's resignation would require review of an underlying personnel action, plaintiff's claims was covered by the CSRA. Id. at 620. Likewise, Plaintiff's claim that he signed the Recruitment Service Agreement under duress and therefore it is invalid would require this Court to investigate the underlying personnel action. This is the type of claim the CSRA is intended to cover, and there is no subject matter jurisdiction in this Court.

Plaintiff also argues Defendants' motion to dismiss is moot because Defendants defaulted. This Court already ruled on the issue of default, and found Defendants did not default. (Dkt. No. 15.)

**Conclusion**

Because Plaintiff's claim is covered by the CSRA, this Court does not have subject matter jurisdiction, and this case is DISMISSED with prejudice.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 1st day of August, 2013.

Marsha J. Pechman
Chief United States District Judge